IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                         CR No. 18-3052 KG

KENNY SANCHEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Kenny Sanchez's Motion for Reduction in Sentence or Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Motion), filed December 3, 2020. (Doc. 31). The United States timely filed a response to Mr. Sanchez's Motion on December 11, 2020 (Doc. 32), and Mr. Sanchez filed a reply on December 23, 2020 (Doc. 33). In his Motion, Mr. Sanchez requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. 31) at 1-5. After careful review of the record and the applicable law, the Court denies Mr. Sanchez's Motion without prejudice.

    *I. Background*

On December 17, 2018, Mr. Sanchez pled guilty to one count of conspiracy in violation of 21 U.S.C. § 846, one count of distribution of five or more grams of methamphetamine in violation of 21 U.S.C. §§ 846(a)(1), (b)(1)(B), and two counts of distribution of 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (Doc. 18); (Doc. 19). On May 20, 2019, the Court sentenced Mr. Sanchez to 120 months imprisonment followed by five years of supervised release. (Doc. 26) at 3-4. Mr. Sanchez is currently serving his

sentence at FMC Fort Worth, in Forth Worth, Texas. (Doc. 31) at 2. His current projected release date is March 20, 2027. (Doc. 32) at 1.

The United States does not dispute that Mr. Sanchez properly explains that he administratively exhausted his claims and is eligible for immediate relief. *See* (Doc. 31). In pertinent part, Mr. Sanchez explains that he suffers from "severe obstructive sleep apnea, apparent obesity, high blood pressure, and high cholesterol," rendering him more susceptible to serious illness or death if reinfected with COVID-19. *Id.* at 2.[1] In response, the United States contends that Mr. Sanchez properly "filed a request with FMC Fort Worth for compassionate release," and, thus, "exhausted his administrative remedies." (Doc. 32) at 2. The United States opposes Mr. Sanchez's Motion, however, on the grounds that he "failed to present 'extraordinary and compelling reasons' that warrant a sentence reduction." *Id.* at 6. As a result, the United States requests that this Court deny Mr. Sanchez's Motion for compassionate release. *Id.*

*II. Discussion*

Prior to the passage of the First Step Act, only the Director of the BOP could seek compassionate release under 18 U.S.C. § 3582(c). The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at 5239. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility …." 18 U.S.C. § 3582(c)(1)(A).

---

1. Mr. Sanchez has already contracted COVID-19 at FMC Forth Worth, and presently fears the possibility of reinfection. (Doc. 31) at 2.

### A. Administrative Exhaustion

To effectively exhaust under Section 3582, a petitioner must make an initial request for compassionate release under 28 C.F.R. § 571.61 and appeal a denial pursuant to § 571.63. *See* 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60-571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). Alternatively, if thirty days lapse from receipt of the request by the warden of the facility where the petitioner is incarcerated with no action by the warden, a district court is empowered to consider the petitioner's Section 3582(c)(1)(A) motion. 18 U.S.C. § 3582(c)(1)(A).

Here, Mr. Sanchez requested compassionate release from the Warden at FMC Fort Worth on September 9, 2020, and again on September 28, 2020. (Doc. 31-3) at 1; (Doc. 31-4) at 1 (Mr. Sanchez's handwritten letter to "Mr. Wilson, Warden … seeking 'compassionate / reduction in [] sentence' … based on the CARES act and program statement No. 5050.50."). Thirty days have now lapsed since Mr. Sanchez submitted his requests to the Warden, and the BOP has not responded. *See* (Doc. 32) at 2. As a result, the Court concludes that Mr. Sanchez properly exhausted his administrative remedies and the Court, therefore, shall decide his Motion on the merits.

### B. Extraordinary and Compelling Reasons for Release & Application of Section 3553(a) Factors

Compassionate release is available when a petitioner's sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii), (2). As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t); *see also United*

*States v. Saldana*, 807 Fed. Appx. 816, 819 (10th Cir. 2020) (citing Sentencing Commission factors to define extraordinary and compelling reasons for release).  In turn, the Sentencing Commission listed four categories of extraordinary and compelling bases for release: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons."  U.S.S.G. § 1B1.13, cmt. n.1.

The BOP "identifies several nonexclusive factors to determine whether 'other' extraordinary and compelling reasons exist: the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and whether release would minimize the severity of the offense."  *Saldana*, 807 Fed. Appx. at 819 (citing BOP Program Statement 5050.50 at 12 (2019)).  Courts in this district have found COVID-19 concerns are appropriately categorized as "other reasons" when considering extraordinary and compelling bases for relief.  *See, e.g.*, *United States v. Juaréz-Parra*, 2020 WL 5645703, at *1 (D.N.M.) (explaining that petitioner's "motion is properly considered under § (1)(D), other reasons"); *United States v. Bell*, 2020 WL 5505505, at *2-3 (D.N.M.) (describing that petitioner "relies on the definition found in 1(D), 'Other Reasons'").

Other courts, however, have addressed COVID-19 concerns under the Sentencing Commission's first category, considering the "medical condition of the [petitioner]."  *See United States v. Baca*, 2020 WL 5369078, at *15 (D.N.M.) (explaining that subsection (D) is "clear" and only permits BOP, not courts, to craft other "extraordinary and compelling reasons").  Petitioners may qualify for relief under this subsection if they are "suffering from a serious physical or medical condition, … a serious functional or cognitive impairment, or … deteriorating physical or mental health because of the aging process."  § 1B1.13, cmt.

4

n.1(A)(ii)(I)-(III).  Nevertheless, both a court's finding of "other reasons" justifying relief, and "medical conditions" supporting compassionate release, must fall under the larger umbrella of "extraordinary and compelling reasons."  Thus, regardless of which category COVID-19 concerns fit neatly within, if a petitioner's claim does not rise to the broader threshold requirement of "extraordinary and compelling," the Court lacks jurisdiction to consider the request.  *See Saldana*, 807 Fed. Appx. at 819 (citing *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)).

Here, Mr. Sanchez contends his "severe obstructive sleep apnea, apparent obesity, high blood pressure, and high cholesterol" constitute extraordinary and compelling circumstances supporting his Motion.  (Doc. 31) at 2; *see also* (Doc. 33) at 4.  The Court sympathizes with Mr. Sanchez and his fear of serious illness from COVID-19.  However, his conditions do not presently amount to extraordinary and compelling reasons warranting compassionate release.

Primarily, the Centers for Disease Control and Prevention (CDC) does not identify sleep apnea or high cholesterol as presenting either a definite or possible "increased risk of severe illness" if an individual contracts COVID-19.  *CDC, COVID-19: People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 16, 2020).  Given this uncertainty, "the unknown chance of a higher risk of COVID-19 complications does not warrant [a petitioner's] release." *Baca*, 2020 WL 5369078, at *14.  Furthermore, Mr. Sanchez represented in his presentence report that his high cholesterol is controlled with medication.  (Doc. 20) at 20.  As a result, the Court concludes that neither Mr. Sanchez's sleep apnea nor his high cholesterol constitute "extraordinary and compelling reasons" warranting release.

Next, Mr. Sanchez contends his "apparent obesity" and high blood pressure subject him to a greater risk of serious complications if he contracts COVID-19. (Doc. 31) at 2. The CDC defines obesity as having a body mass index of 30 kg/m$^2$ or higher, and lists obesity as a risk factor for severe illness from COVID-19. *CDC, COVID-19: People with Certain Medical Conditions*, https://www.cdc.gov/corona virus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 16, 2020); *see also United States v. Gonzalez*, 467 F.Supp. 3d 1075, 1080 (D. Colo. 2020) (explaining that "other courts have used [the CDC's] threshold to determine whether an inmate's obesity, in conjunction with the risk of contracting COVID-19, warrants relief") (collecting cases). However, there is insufficient evidence in the record indicating that Mr. Sanchez is clinically obese. *Compare* (Doc. 31-1) at 65 (Bureau of Prisons Health Services History & Physical, listing Mr. Sanchez as not obese) *and* (Doc. 31-2) at 132, 165 (Bureau of Prisons Health Services Clinical Encounter, listing Mr. Sanchez as not appearing obese) *with* (Doc. 31-2) at 3, 27, 56, 65, 123, 150, 159 (Bureau of Prisons Health Services Clinical Encounter, listing Mr. Sanchez as appearing obese).

Rather, Mr. Sanchez asserts that he "appears obese, so he is overweight even if not necessarily obese." (Doc. 31) at 15. In contrast to the listing for obesity, the CDC defines "being overweight" as having a body mass index of between 25 kg/m$^2$ and 30 kg/m$^2$. *See CDC, COVID-19: People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/ 2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 16, 2020) (defining "overweight" and "obesity"). In addition, the CDC advises that "being overweight" is a condition which "might" cause severe health risks if an individual contracts COVID-19. *Id.* Likewise, the CDC recognizes high blood pressure as an underlying medical condition which "might" create "an increased risk for severe illness from the virus that causes COVID-19." *Id.*

However, even assuming that Mr. Sanchez is obese, when considered in conjunction with his high blood pressure, high cholesterol, sleep apnea, and age, he fails to demonstrate "extraordinary and compelling" circumstances justifying compassionate release. *Accord United States v. Dobbertin*, 2020 WL 4365542, at *5 (D. Kan.) (denying compassionate release for individual who suffers from "Type II diabetes, hypertension, and obesity"); *Gonzalez*, 467 F.Supp. 3d at 1079 (denying compassionate release for individual who smoked "since he was fourteen years old, and is obese"). Plainly stated, absent other aggravating circumstances that elevate Mr. Sanchez's risk, his current conditions do not warrant release under the applicable standard. *See also CDC, Obesity and Overweight*, https://www.cdc.gov/nchs/fastats/obesity-overweight.htm (last visited Dec. 17, 2020) (explaining that nearly 72% of the adult population in the United States is overweight or obese).

In sum, the Court concludes that Mr. Sanchez's conditions, and combination of conditions when considered together, do not evidence "extraordinary and compelling" reasons to grant compassionate release. However, the Court notes that even if Mr. Sanchez was a viable candidate for compassionate release, the Section 3553(a) factors weigh against granting his Motion. Indeed, under the applicable standard, Mr. Sanchez must also demonstrate that he does not pose a danger to the community if released from custody. *See* 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

The statute's community safety analysis is conducted under the factors set forth in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13(2) (incorporating the 18 U.S.C. § 3142(g) factors). These factors, in pertinent part, focus on the nature of the offense, the history and characteristics of the petitioner, and the nature of the danger presented. 18 U.S.C. § 3142(g)(1)-(4). In addition, Section 3553(a) directs the Court to consider "the need for the sentence imposed,"

including deterrence, the applicable sentencing guideline range, and the need to avoid unwarranted sentence disparities among similar offenders. 18 U.S.C. § 3553(a)(2), (4), (6).

After evaluating the record, the Court concludes that the statutory factors weigh against granting Mr. Sanchez's Motion for compassionate release. At sentencing, Mr. Sanchez's total offense level was 29, and his underlying criminal conduct involved the seizure of 464 grams of methamphetamine. (Doc. 20) at 4-5. Mr. Sanchez has a lengthy criminal history, beginning with charges from 1978, when he was 13 years old. *Id.* at 10-11. In addition, Mr. Sanchez has only served about 21% of his sentence, and his anticipated release date is not until 2027. (Doc. 32) at 1. Permitting Mr. Sanchez to be released now would undermine the need for deterrence and create unwanted sentence disparities. *See id.* at 12 (explaining that Mr. Sanchez's current offenses carry a ten-year mandatory minimum of incarceration). Accordingly, the Court, while not unsympathetic to Mr. Sanchez's current circumstances, concludes that even if he met the threshold requirements for release, modification is not appropriate given his history and characteristics, and the length of time remaining on his sentence.

### III. Conclusion

Based on the foregoing, the Court concludes that Mr. Sanchez does not demonstrate "extraordinary and compelling reasons" justifying his compassionate release. In addition, the Court concludes that Mr. Sanchez is not a viable candidate for compassionate release under Section 3553(a).

IT IS THEREFORE ORDERED that Mr. Sanchez's Motion for Compassionate Release (Doc. 31) is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE