IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CR No. 18-3052 KG

KENNY SANCHEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion to Reduce Sentence, filed January 28, 2021. (Doc. 35). Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and Amendment 782 to the United States Sentencing Guidelines (USSG). Having carefully reviewed the record and applicable law, the Court will deny the Motion.

*I. Background*

On December 17, 2018, Defendant pled guilty to one count of conspiracy in violation of 21 U.S.C. § 846, one count of distribution of five or more grams of methamphetamine in violation of 21 U.S.C. §§ 846(a)(1), (b)(1)(B), and two counts of distribution of 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (Doc. 18); (Doc. 19). The Court sentenced him to 120 months imprisonment followed by five years of supervised release. (Doc. 26) at 3-4. Defendant is currently serving his sentence at FMC Fort Worth, in Texas. (Doc. 31) at 2. The Bureau of Prisons Inmate Locator reflects that Defendant is 56 years old, and his projected release date is March 30, 2027. *See* https://www.bop.gov/inmateloc/.

On May 19, 2020, Defendant filed a counseled Motion seeking compassionate release due to COVID-19. (Doc. 36). Although Defendant already had COVID-19, he argued a second

infection would render him susceptible to serious illness or death. The Court denied the compassionate release motion by a Memorandum Opinion and Order entered December 29, 2020.  (Doc. 34).

About one month later, on January 28, 2021, Defendant filed the instant Motion.  (Doc. 35).  He asks the Court to reduce his sentence based on USSG Amendment 782, which modified certain drug quantity tables.  *Id.* at 2.  Defendant also appears to argue he lacked notice of the possible penalties before entering a plea, and that the Court was unaware of material facts at sentencing.  *Id.* at 1, 4-6.  The United States opposes a sentence reduction.  (Doc. 36).  It argues that Defendant already received the benefit of Amendment 782.  The matter is fully briefed and ready for review.

*II. Discussion*

Section 3582(c)(2) of Title 18 allows the Court to modify a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Said differently, "district courts [may] reduce the sentences of prisoners who were sentenced based on a Guidelines range that would have been lower, had the amendment been in place when they were sentenced." *Hughes v. United States*, 138 S. Ct. 1765, 1773 (2018).  "Amendment 782 to the Guidelines went into effect on November 1, 2014." *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (citing U.S.S.G. app. C suppl., amend. 782 at 74 (2015)).  "The amendment 'reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses." *Id.* (citations omitted).

2

Amendment 782 is inapplicable here, for several reasons.  First, Defendant received the statutory minimum sentence of 120 months for distribution of 50 plus grams of methamphetamine.  *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii).  That runs concurrently with Defendant's other 120-month sentences.  (Doc. 26) at 3.  Hence, his total term of incarceration is based on the statutory minimum, rather than any guideline range.  A "sentence reduction under § 3582(c)(2) is not authorized" where, as here, the "[USSG] amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another … statutory provision." *United States v. Lucero*, 713 F.3d 1024, 1027 (10th Cir. 2013) (quotations omitted).  *See also United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013) ("[D]istrict courts cannot recalculate aspects of a sentence that are unaffected by a retroactively applicable amendment to the Guidelines.").

Even if Defendant's sentence was based on the guideline range, he would not be entitled to relief under Amendment 782.  As the United States points out, Defendant was prosecuted and sentenced after Amendment 782 was implemented in 2014.  He already received the benefit of Amendment 782's new drug tables, and no further reduction is necessary.  *See United States v. Wallace*, 2018 WL 3675246, at *2 (D. Utah Aug. 2, 2018) ("A person sentenced after November 1, 2014 had the benefit of Amendment 782 at the time of sentencing."); *United States v. Sierra*, 2020 WL 5802118, at *3 (D. Kan. Sept. 29, 2020) (declining to modify sentence based on new drug tables, as the sentence was imposed after Amendment 782).  The authority cited by Defendant - *Hughes v. United States* - does not change the analysis.  *Hughes* addresses guideline reductions in cases involve a plea.  138 S. Ct. 1765, 1773 (2018).  It does not permit courts to reduce a sentence that would be unaffected by a retroactive guideline amendment.

Accordingly, Defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) or Amendment 782.  The Court will deny the Motion, as it pertains to those sections.  To the extent the Motion raises due process arguments based on the plea and/or the facts presented at sentencing, the Court will not consider them in this Section 3582 matter.  Defendant must raise those issues in a habeas proceeding under 28 U.S.C. § 2255.  *See Headley v. United States,* 804 Fed. App'x 973, 980 (10th Cir. 2020) (analyzing challenges to guilty plea under Section 2255); *United States v. Brumley,* 753 Fed. App'x 594, 598 (10th Cir. 2018) (Section 2255 is the proper vehicle for correcting factual errors in the PSR).  Without commenting here on any merit of a claim under Section 2255, the Court directs the Clerk's Office to mail Defendant a blank Section 2255 motion, if he wishes to pursue such relief.

IT IS ORDERED:

1.  Defendant's Motion to Reduce Sentence (Doc. 35) is denied, to the extent he seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) or USSG Amendment 782.

2.  The Clerk's Office shall mail Defendant a blank Section 2255 motion, if he wishes to pursue habeas relief.

_____
UNITED STATES DISTRICT JUDGE